IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| ROBERT BOSCH GmbH and ROBERT BOSCH LLC,<br><br>Plaintiffs,<br><br>v.<br><br>THE INDIVIDUALS, CORPORATIONS, LIMITED LIABILITY COMPANIES, PARTNERSHIPS, AND UNINCORPORATED ASSOCIATIONS IDENTIFIED ON AMENDED SCHEDULE A HERETO,<br><br>Defendants. | Case No. 25-cv-6646<br><br>Judge Jorge L. Alonso<br><br>Magistrate Judge Jeffrey T. Gilbert |

**DEFAULT JUDGMENT ORDER**

This action having been commenced by Plaintiffs ROBERT BOSCH GmbH and ROBERT BOSCH LLC ("Plaintiffs") against the defendants identified on Amended Schedule A, and using the Online Marketplace Accounts identified on Amended Schedule A (collectively, the "Defendant Internet Stores"), and Plaintiffs having moved for entry of Default and Default Judgment against the defendants identified on Amended Schedule A attached hereto which have not yet been dismissed from this case (collectively, "Defaulting Defendants");

This Court having entered a preliminary injunction; Plaintiffs having properly completed service of process on Defaulting Defendants, the combination of providing notice via electronic publication and e-mail, along with any notice that Defaulting Defendants received from domain name registrars and payment processors, being notice reasonably calculated under all circumstances to apprise Defaulting Defendants of the pendency of the action and affording them the opportunity to answer and present their objections; and

None of the Defaulting Defendants having answered or appeared in any way, and the time for answering having expired, so that the allegations of the Complaint are uncontroverted and are deemed admitted;

This Court finds that it has personal jurisdiction over Defaulting Defendants because Defaulting Defendants directly target their business activities toward consumers in the United States, including Illinois. Specifically, Plaintiffs have provided a basis to conclude that Defaulting Defendants have targeted sales to Illinois residents by setting up and operating e-commerce stores that target United States consumers using one or more seller aliases, offer shipping to the United States, including Illinois, and have sold products using infringing and counterfeit versions of Plaintiffs' federally registered trademarks (the "BOSCH Trademarks") to residents of Illinois. In this case, Plaintiffs have presented screenshot evidence that each Defendant e-commerce store is reaching out to do business with Illinois residents by operating one or more commercial, interactive internet stores through which Illinois residents can and do purchase products using counterfeit versions of the BOSCH Trademarks. *See* Docket No.15-19, which include screenshot evidence confirming that each Defendant e-commerce store does stand ready, willing and able to ship its counterfeit goods to customers in Illinois bearing infringing and/or counterfeit versions of the Trademarks.

A list of the BOSCH Trademarks are included in the below chart.

| REGISTRATION NUMBER | REGISTERED TRADEMARK | INTERNATIONAL CLASSES |
|---|---|---|
| 812,033 | BOSCH | 7, 9, 11, 12 and 15 |
| 812,075 | BOSCH | 7 |

2

| | | |
|---|---|---|
| 812,138 | BOSCH (stylized) | 11 |
| 1,179,992 | BOSCH | 11 |
| 1,180,033 | BOSCH | 12 |
| 1,226,566 | BOSCH | 11 |
| 1,467,187 | BOSCH | 11 |
| 1,569,353 | BOSCH | 9 |
| 1,637,401 | BOSCH | 7 and 12 |
| 1,641,945 | BOSCH | 9 |
| 1,642,718 | BOSCH | 12 |
| 2,088,521 | BOSCH | 9 |
| 2,149,986 | BOSCH | 6, 7, 9 and 20 |
| 2,295,602 | BOSCH | 28 |
| 2,364,788 | BOSCH | 7, 9 and 11 |
| 2,718,833 | BOSCH | 9 |
| 2,965,641 | BOSCH | 7 |
| 3,078,075 | BOSCH | 9 |
| 3,564,853 | BOSCH (stylized) | 7, 9 and 11 |
| 3,761,323 | HYDRO BOOST | 12 |
| 5,440,334 | BOSCH | 7, 9, 11, 12, 37, 38, 39, 41 and 42 |
| 6,965,965 | BOSCH | 25 |
| 7,117,059 | BOSCH | 10, 28, 44 and 45 |
| 7,226,804 | (color bar design) | 7, 9, 10, 11, 12, 37, 42 and 44 |

This Court further finds that Defaulting Defendants are liable for willful federal trademark infringement and counterfeiting (15 U.S.C. § 1114), false designation of origin (15 U.S.C. § 1125(a)), and violation of the Illinois Uniform Deceptive Trade Practices Act (815 ILCS § 510 *et seq.*).

Accordingly, this Court orders that Plaintiffs' Motion for Entry of Default and Default Judgment is GRANTED as follows, that Defaulting Defendants are deemed in default, and that this Default Judgment is entered against Defaulting Defendants.

This Court further orders that:

1. Defaulting Defendants, their officers, agents, servants, employees, attorneys, and all persons acting for, with, by, through, under, or in active concert with them be permanently enjoined and restrained from:

   a. using the BOSCH Trademarks or any reproductions, counterfeit copies, or colorable imitations in any manner in connection with the distribution, marketing, advertising, offering for sale, or sale of any product that is not a genuine BOSCH product or not authorized by Plaintiffs to be sold in connection with the BOSCH Trademarks;

   b. passing off, inducing, or enabling others to sell or pass off any product as a genuine BOSCH product or any other product produced by Plaintiffs, that is not Plaintiffs' or not produced under the authorization, control, or supervision of Plaintiffs and approved by Plaintiffs for sale under the BOSCH Trademarks;

   c. committing any acts calculated to cause consumers to believe that Defaulting Defendants' products are those sold under the authorization, control, or supervision of Plaintiffs, or are sponsored by, approved by, or otherwise connected with Plaintiffs; and

   d. manufacturing, shipping, delivering, holding for sale, transferring or otherwise moving, storing, distributing, returning, or otherwise disposing of, in any manner, products or inventory not manufactured by or for Plaintiffs, nor authorized by Plaintiffs to be sold or offered for sale, and which bear any of Plaintiffs' trademarks, including the BOSCH Trademarks, or any reproductions, counterfeit copies or colorable imitations.

2. The domain name registries for the Defendant Online Marketplace Accounts, including, but not limited to, VeriSign, Inc., Neustar, Inc., Afilias Limited, CentralNic, Nominet, and

  the Public Interest Registry, and the domain name registrars, including, but not limited to, GoDaddy Operating Company LLC, Name.com, PDR LTD. d/b/a/ PublicDomainRegistry.com, and Namecheap Inc., within seven (7) calendar days of receipt of this Order, shall, at Plaintiff's choosing:

  a. disable the Defendant Online Marketplace Accounts and make them inactive and untransferable.

3. Defaulting Defendants and any third party with actual notice of this Order who is providing services for any of the Defaulting Defendants, or in connection with any of the Defaulting Defendants' Online Marketplaces, including, without limitation, any online marketplace platforms such as Amazon.com ("Amazon"), Payoneer, Temu and Walmart (collectively, the "Third Party Providers"), shall within seven (7) calendar days of receipt of this Order cease:

  a. using, linking to, transferring, selling, exercising control over, or otherwise owning the Online Marketplace Accounts, or any other online marketplace account that is being used to sell or is the means by which Defaulting Defendants could continue to sell counterfeit and infringing goods using the BOSCH Trademarks; and

  b. operating and/or hosting websites that are involved with the distribution, marketing, advertising, offering for sale, or sale of any product bearing the BOSCH Trademarks or any reproductions, counterfeit copies or colorable imitations thereof that is not a genuine BOSCH product or not authorized by Plaintiffs to be sold in connection with the BOSCH Trademarks.

4. Upon Plaintiffs' request, those with notice of this Order, including the Third Party Providers as defined in Paragraph 4, shall within seven (7) calendar days after receipt of such notice, disable and cease displaying any advertisements used by or associated with Defaulting Defendants in connection with the sale of counterfeit and infringing goods using the BOSCH Trademarks.

5. Pursuant to 15 U.S.C. § 1117(c)(2), Plaintiffs are awarded statutory damages from each of the Defaulting Defendants in the amount of one hundred fifty thousand dollars ($150,000) for willful use of counterfeit BOSCH Trademarks on products sold through at least the Defendant Internet Stores. This award shall apply to each distinct Defaulting Defendant only once, even if they are listed under multiple different aliases in the Complaint and Amended Schedule A.

6. Any Third Party Providers holding funds for Defaulting Defendants, including Amazon Pay, Payoneer, Temu and Walmart, shall, within seven (7) calendar days of receipt of this Order, permanently restrain and enjoin any accounts connected to Defaulting Defendants or the Defendant Internet Stores from transferring or disposing of any funds (up to the statutory damages awarded in Paragraph 6 above) or other of Defaulting Defendants' assets.

7. All monies (up to the amount of the statutory damages awarded in Paragraph 6 above) currently restrained in Defaulting Defendants' financial accounts, including monies held by Third Party Providers such as Amazon Pay, Payoneer, Temu and Walmart, are hereby released to Plaintiffs as partial payment of the above-identified damages, and Third Party Providers, including Amazon Pay, Payoneer, Temu and Walmart, are ordered to release to

      Plaintiffs the amounts from Defaulting Defendants' financial accounts within fourteen (14) calendar days of receipt of this Order.

8. Until Plaintiffs have recovered full payment of monies owed to them by any Defaulting Defendant, Plaintiffs shall have the ongoing authority to commence supplemental proceedings under Federal Rule of Civil Procedure 69.

9. In the event that Plaintiffs identify any additional online marketplace accounts or financial accounts owned by Defaulting Defendants, Plaintiffs may send notice of any supplemental proceeding, including a citation to discover assets, to Defaulting Defendants by e-mail at the e-mail addresses identified in Exhibit 2 to the Declaration of Jay Harvey Paragoso and any e-mail addresses provided for Defaulting Defendants by third parties.

10. To obtain release of the bond previously posted in this action, Plaintiff's counsel must file a motion for the return of the bond once the preliminary injunction no longer applies to any Defendant.

This is a Default Judgment.

Dated: September 24, 2025

                                                                                   The Honorable Jorge L. Alonso
                                                                                   United States District Judge

**Amended Schedule A**

| No. | Defendant Name / Alias |
|---|---|
| 1 | Auto Dianke Parts |
| 12 | Kaifa elec |
| 13 | Ly Tran INC |
| 16 | OEMPartsUSA |
| 17 | REM-Store |
| 18 | shanliyijianzahuodian |
| 21 | UMcar |
| 25 | wqlelaishangmaoyouxiangongsi |
| 26 | yongjianbbdgasj |
| 28 | yusen132 |
| 32 | ziteng123 |
| 37 | gulatiautotrader |
| 39 | HuiGood |
| 40 | huizhoushichengqiandianziyouxiangongsi |
| 54 | LONGKUO E-COMMERCE Co.ltd |
| 55 | Manruonan Trading Co., Ltd. |
| 57 | Oemassive-direct |
| 60 | dingbailiang |
| 61 | DJDJDW |
| 62 | Ezify Homeware |
| 63 | fengfengjian |
| 64 | Fengfengxia |
| 65 | huangfujun |
| 66 | Mxyangyi |
| 67 | XvvvX |
| 69 | zhangxiancun |
| 73 | Limbs |
| 76 | Adabus |
| 77 | LANshikeji |
| 78 | PANGUL |
| 79 |  |
| 80 | Lulemay |
| 82 |  |
| 83 | YIMA MALL |
| 84 | yahegochengeg |
| 85 | VERDEXXL |
| 86 | Indian Blessings |
| 87 | KEWITY |
| 88 | New domestic |
| 89 | WZHENGYI |
| 90 | XCJKFHAA |
| 91 | houepaixun1967511l |
| 92 | jiujiangzhiguoguishangmaoyouxiangongsi |
| 94 | niutiandianzi |
| 96 | suohongjixieshebei |

| | | |
|---|---|---|
| 97 | szdilanqianshi | |
| 98 | tongyingfushi | |
| 99 | Wondersmith | |
| 100 | Yurney | |
| 101 | zzbjhs | |
| 104 | Tartikaily | |
| 105 | foshanshijiadanhumaoyi | |
| 106 | Roxy | |
| 108 | First specials local | |
| 109 | hengrunn | |
| 110 | JNUO auto parts | |
| 111 | lansoubaihuo | |
| 112 | mingchi | |
| 114 | Wenzhou Ouxun Electronic Techn | |
| 115 | yushunhw | |
| 116 | zhou office | |